**Matthew S. Parmet** (CSB # 296742)
matt@parmet.law
**PARMET PC**
490 S. Fair Oaks Ave.
P.O. Box 540907 (77254)
Pasadena, CA 91105
phone   713 999 5228
fax       713 999 1187

**Richard J. (Rex) Burch** (pro hac vice forthcoming)
rburch@brucknerburch.com
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, TX 77046
Tel: 713-877-8788
Fax: 713-877-8065

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| COTRINA SANDERS, individually and on behalf of others similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>TELACU CONSTRUCTION MANAGEMENT, a California corporation,<br><br>     Defendant. | Case No. 2:19-cv-00766<br><br>**Plaintiff's Original Class and Collective Action Complaint for Damages (with Jury Demand)**<br><br>1. **Failure to pay overtime compensation (Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*);**<br>2. **Violation of Virgin Islands Fair Labor Standards Act, 24 V.I.C. § 20 (Unpaid Weekly and Daily Overtime).** |

## INTRODUCTION

1. TELACU Construction Management (TELACU) failed to pay overtime as required by the Fair Labor Standards Act (FLSA) and the Virgin Islands Fair Labor Standards Act (VIFLSA).

2. Instead, TELACU paid Cotrina Sanders, and other workers like her, at the same hourly rate for all hours worked, including those in excess of 40 in a workweek and 8 hours a day.

3. This practice violates the overtime requirements of the FLSA, 29 U.S.C. § 201, *et seq.*, and the VIFLSA, 24 V.I.C. § 20.

4.      Sanders brings this suit as a collective action under § 216(b) of the FLSA individually and on behalf of:

**All hourly employees who are or were within the three years prior to the filing of this lawsuit employed by TELACU and paid at the same hourly rate for all hours worked, including those in excess of 40 in a workweek (the FLSA Class)**

5.      Sanders and the FLSA Class Members seek payment of all overtime owed for the applicable three-year statute of limitations period, liquidated damages, and attorneys' fees and costs.

6.      Sanders further brings this suit as a class action pursuant to FED. R. CIV. P. 23 individually and on behalf of:

**All hourly employees who are or were within the six years prior to the filing of this lawsuit employed by TELACU and paid at the same hourly rate for all hours worked, including those in excess of 5 consecutive days of work, 40 in a workweek, and 8 in a workday (the Virgin Islands Class)**

7.      Sanders and the Virgin Islands Class Members seek to recover back pay for unpaid overtime wages and reasonable attorney's fees and costs, under all applicable provisions of Virgin Islands law.

### JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Sanders' claims arise under sections 7(a)(1), and 16(b) of the FLSA.  29 U.S.C. §§ 207(a)(1), 16(b).

9.      In addition, this Court has supplemental jurisdiction over the Virgin Islands territorial law claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts.

10.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because TELACU resides in this District.

### THE PARTIES

11.      Plaintiff Cotrina Sanders is an individual who resides in Katy, Texas.

12.      Sanders was employed by TELACU as a Quality Control Manager from November 2018 to January 2019.

13.      Sanders was an hourly employee of TELACU.

---

**Plaintiff's Original Complaint**                                                    **- 2 -**

14. Her written consent is attached.

15. Sanders was not paid on a salary basis but was instead paid the same hourly rate for all hours worked.

16. TELACU is a California corporation with its principal place of business in California.

17. TELACU has acted directly or indirectly as an employer with respect to Sanders and all those similarly situated within the meaning of the FLSA.

18. TELACU can be served with process herein through John Clem, its President, at 604 N Eckhoff Street, Orange, CA 92868.

## COVERAGE UNDER THE FLSA

19. At all times hereinafter mentioned, TELACU has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all times hereinafter mentioned, TELACU has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. At all times hereinafter mentioned, TELACU has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

22. At all times hereinafter mentioned, Sanders and all those similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTUAL BACKGROUND

23. TELACU is a provider of construction management services to capital improvement projects throughout the United States and its territories.

24. TELACU is headquartered in California and does business throughout the United States and its territories, including California and the Virgin Islands.

25.     Sanders was employed as a Quality Control Manager for TELACU in the Virgin Islands beginning in November 2018.

26.     The terms of TELACU's offer letter to Sanders included:

> November 5, 2018
>
> Ms. Sanders:
>
> We are pleased to formally extend our offer of employment as Quality Control Manager for TELACU Construction Management, Inc. ("Company"), and you will report directly to Daniel Clem, Director. The classification for this position is full-time, temporary, exempt, and is not eligible for overtime pay in accordance with applicable law.
>
> The terms of this offer include the following:
>
> Salary:              The Company will pay you $35/hour, hours to be determined by the client.

27.     Sanders was paid $35 per hour.

28.     Sanders reported the hours she worked to TELACU on a regular basis.

29.     TELACU has accurate records of the hours Sanders worked.

30.     This fact can be shown by the face of TELACU's payroll records.

31.     Sanders was paid $35 per hour regardless of the number of hours she worked in a workweek or workday.

32.     In the workweek ending November 9, 2018, Sanders worked 45.00 hours.

33.     For that workweek, TELACU paid Sanders for 45 hours at her normal hourly rate.

34.     For that workweek, TELACU paid Sanders no overtime.

35.     In the workweek ending December 21, 2018, Sanders worked 68.00 hours.

36.     For that workweek, TELACU paid Sanders for 68 hours at her normal hourly rate.

37.     For that workweek, TELACU paid Sanders no overtime.

38.     Sanders, the FLSA Class Members and the Virgin Islands Class Members often worked more than 5 consecutive days, more than 40 hours in a workweek, and more than 8 hours in a workday.

39.     Rather than receiving time and a half as required by the FLSA and the VIFLSA, Sanders, the FLSA Class Members and the Virgin Islands Class Members only received "straight time" for overtime hours worked.

40.     This "straight time for overtime" payment scheme violates the FLSA and the VIFLSA.

41.     Sanders, the FLSA Class Members and the Virgin Islands Class Members were not paid on a salary basis.

42.     Sanders knows of other employees of TELACU who are similarly situated in that they were not properly paid overtime for the hours they worked in excess of 5 consecutive days, hours in excess of 40 in a workweek, and/or hours in excess of 8 in a workday.

43.     These individuals impacted by TELACU's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

**FIRST CAUSE OF ACTION – VIOLATION OF THE FLSA**

44.     During the relevant time period, TELACU has violated, and is violating, the provisions of Section 7 of the FLSA, 29 U.S.C. § 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

45.     TELACU owes Sanders and the FLSA Class Members the difference between the rate actually paid and the proper overtime rate.

46.     TELACU is also liable to Sanders and the FLSA Class member for an amount equal to any unpaid overtime wages as liquidated damages.

47.     TELACU knowingly, willfully or in reckless disregard carried out their illegal pattern or practice of paying Sanders and all those similarly situated "straight time for overtime."

48.     The decision by TELACU to deny overtime compensation to these employees was neither reasonable, nor made in good faith.

49.     Accordingly, Sanders and the FLSA Class Members are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, liquidated damages, attorneys' fees and costs.

**SECOND CAUSE OF ACTION – FAILURE TO PAY OVERTIME WAGES**
**AS REQUIRED BY 24 V.I.C. § 20**

50.     Section 20 of the Virgin Islands Code prohibits and employer from employing persons "for (1) more than 5 consecutive days, or (2) longer than a total of 40 hours in a workweek, …, or (3) for a workday longer than 8 hours, unless such employee receives compensation for his employment (1) on a sixth and/or a seventh consecutive day of work, or (2) in excess of 40 hours in a workweek, or (3) in excess of 8 hours in a workday, whichever excess is calculated to give the employee the greatest compensation, at a rate not less than 1 1/2 times the regular rate at which he is employed."

51.     TELACU suffered or permitted Sanders and the Virgin Islands Class Members to work more than 5 consecutive days, 40 hours in a workweek, and/or 8 hours in a workday without paying them overtime as required by the VIFLSA.

52.     By their failure to pay overtime compensation to Sanders and the Virgin Islands Class Members as alleged in this Complaint, TELACU violated the VIFLSA, which requires overtime compensation to hourly employees.

53.     As a result of TELACU's unlawful acts, Sanders and the Virgin Islands Class Members have been deprived of overtime compensation, and are entitled to recovery of such amounts, plus attorneys' fees, and costs, under 24 V.I.C. § 17.

## COLLECTIVE ACTION ALLEGATIONS

54.     Dozens of employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA.

55.     TELACU required the FLSA Class Members to perform job duties similar to those performed by Sanders, including the requirement that they work overtime without overtime pay.

56.     TELACU paid the FLSA Class Members in the same manner as it paid Sanders and did not properly compensate them for all hours worked as required by the FLSA.

57.     Thus, TELACU imposed its illegal pay practices on the FLSA Class Members.

58.     The FLSA Class Members were all paid on a "straight time for overtime" basis, and were regularly required to work in excess of 40 hours per week.

59.     Accordingly, the employees who were victimized by TELACU's unlawful compensation practices are similarly situated to Sanders.

60.     TELACU's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies and practices and do not depend on the personal circumstances of the FLSA Class Members.

61.     Thus, Sanders' experiences are typical of the experiences of the FLSA Class Members.

62.     The specific job titles or precise job requirements of the various FLSA Class Members do not prevent collective treatment.

63.     All of the FLSA Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week.

64.     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

CLASS ACTION ALLEGATIONS

65.     Sanders brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Virgin Islands Class.

66.     <u>Numerosity</u>: The proposed Virgin Islands Class is so numerous that joinder of all members is impracticable. Sanders is informed and believes, and on that basis alleges, that during the relevant time period, TELACU employed dozens of people who satisfy the definition of the Virgin Islands Class.

67.     <u>Typicality</u>: Sanders' claims are typical of the members of the Virgin Islands Class.

68.     Others in Sanders' position (and/or positions similar thereto), routinely worked more than 5 consecutive days, 40 hours in a workweek, and/or 8 hours in a workday during the Class Period, without being paid overtime, in violation of applicable Virgin Islands law.

69.     Sanders had job duties and responsibilities similar to the other Virgin Islands Class Members and, like them, was subject to TELACU's "straight time for overtime" policy and practice and improperly failing to pay appropriate overtime compensation for all hours worked.

70.     <u>Superiority</u>: A class action is superior to other available methods of the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal

court against large corporate defendants and fear retaliation. Prosecuting dozens of identical, individual lawsuits does not promote judicial efficiency or equity and consistency in judicial results.

71.    Adequacy: Sanders will fairly and adequately protect the interests of the Virgin Islands Class Members and has retained counsel experienced in complex wage and hour class and collective action litigation.

72.    Commonality: Common questions of law and fact exist to all members of the California Class and predominate over any questions solely affecting individual members of the California Class, including but not limited to:

- Whether TELACU employed Virgin Islands Class Members in a position subject to the Virgin Islands' overtime pay requirements?
- What were TELACU's policies and/or practices for paying overtime for overtime work?
- Did TELACU have and implement a policy and/or practice whereby TELACU paid Virgin Islands Class Members "straight time for overtime?

73.    This case is maintainable as a class action under FED. R. CIV. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for TELACU.

74.    Further, adjudication of each individual member's claim as separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

75.    Class certification is also appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Virgin Islands Class Members predominate over any questions affecting only individual members of the putative class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

76.    TELACU's common and uniform policies and practices denied the Virgin Islands Class Members the overtime pay to which they are entitled.

77.    The damages suffered by the individual Virgin Islands Class Members are small compared to the expense and burden of individual prosecution of this litigation.

78.     Virgin Islands Class Members fear workplace retaliation and being "blackballed" from obtaining future employment in the construction and construction management industries.

79.     In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about TELACU's practices.

80.     Sanders intends to send notice to all members of the Virgin Islands Class to the extent required by Rule 23.

81.     The names and addresses of the Virgin Islands Class Members are available from TELACU.

### RELIEF SOUGHT

82.     WHEREFORE, Sanders prays for judgment against TELACU as follows:

a.      For an Order pursuant to 16(b) of the FLSA authorizing notice to be sent to the FLSA Class Members;

b.      For an Order pursuant to Section 16(b) of the FLSA and Section 20 of the VIFLSA finding TELACU liable for unpaid back wages due to Sanders and the FLSA and Virgin Islands Class Members;

c.      For an Order awarding Sanders and the FLSA Class Members liquidated damages in an amount equal to their unpaid overtime;

d.      For an Order awarding Sanders and the FLSA and Virgin Islands Class Members the costs of this action;

e.      For an Order awarding Sanders and the FLSA and Virgin Islands Class Members their attorneys' fees;

f.      For an Order awarding Sanders and the FLSA and Virgin Islands Class Members pre-judgment and post-judgment interest at the highest rates allowed by law;

g.      For an Order certifying a class of hourly workers who were not paid overtime in the Virgin Islands under FED. R. CIV. P. 23(a) and (b)(3); and

h.      For an Order granting such other and further relief as may be necessary and appropriate.

## JURY DEMAND

83.      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Sanders, individually and on behalf of the FLSA and Virgin Islands Class Members, demands a trial by jury.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

Matthew S. Parmet
(CSB # 296742)
matt@parmet.law

**PARMET PC**
409 S. Fair Oaks Ave.
P.O. Box 540907 (77254)
Pasadena, CA 91105
phone  713 999 5228
fax      713 999 1187

**Richard J. (Rex) Burch**
(pro hac vice forthcoming)
rburch@brucknerburch.com

**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, TX 77046
Tel: 713-877-8788
Fax: 713-877-8065

**Attorneys for Plaintiff**