
**Matthew S. Parmet** (CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave. #1228
P.O. Box 540907 (77254)
Walnut, CA 91789
phone 713 999 5228
fax 713 999 1187

**Richard J. (Rex) Burch** (*PHV*)
rburch@brucknerburch.com
**James A. Jones** (*PHV*)
jjones@brucknerburch.com
8 Greenway Plaza, Ste. 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065

**Attorneys for Plaintiff**
**(additional counsel on signature page)**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| COTRINA SANDERS, individually and on behalf of all others similarly situated., <br><br> Plaintiff, <br><br> v. <br><br> TELACU CONSTRUCTION MANAGEMENT, a California corporation, <br><br> Defendant. | **Case No.: 2:19-cv-00766-DMG-JC** <br><br> **PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION TO LIFT STAY AND CONFIRM AWARD** <br><br> Judge:     Hon. Dolly M. Gee <br> Date:      October 9, 2020 <br> Time:      9:30 a.m. <br> Courtroom: 8C, 1st Street Courthouse |

**PLEASE TAKE NOTICE** that, on October 9, 2020 at 9:30 a.m, in Courtroom 8C of this Court, located at 350 Wests First Street, Los Angeles, California 90012, Plaintiff Cotrina Sanders ("Plaintiff" or "Sanders") will and hereby does move this Court to lift the stay (ECF No. 55), confirm the arbitrator's award, and dismiss this case with prejudice.

Plaintiff makes this motion on the grounds that, pursuant to this Court's order, this action was stayed pending resolution of the dispute in arbitration; the arbitration has been concluded; and the arbitrator has issued his final award. This Motion is supported by this Notice; the attached Memorandum of Points and Authorities in Support of the Motion; all attached supporting exhibits; the pleadings filed in this action; and such other documentary and oral evidence or argument as may be presented to the Court at the hearing on this Motion.

This Motion is made following conference with counsel pursuant to Local Rule 7-3 for Defendant who is unopposed to this Motion.

Dated:   September 10, 2020        Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
Richard J. (Rex) Burch (admitted *PHV*)
rburch@brucknerburch.com
James A. Jones
(admitted pro hac vice)
jjones@brucknerburch.com
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile

# MEMO OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Pursuant to the Federal Arbitration Act (9 U.S.C. §§ 1-16, the "FAA"), and the order of the Court staying this case pending the result of arbitration (ECF No. 55) Plaintiff Cotrina Sanders ("Plaintiff" or "Sanders") seeks an order (1) lifting the stay; (2) confirming the arbitrator's ruling; and (3) dismissing this case with prejudice. The arbitration pursuant to the Court's order is now concluded and the final order has been issued. It is proper and appropriate that the Court confirm the arbitrator's determination. Defendant does not oppose this Motion.

## II.  BACKGROUND

Plaintiff filed this lawsuit seeking damages for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and under the Virgin Islands Fair Labor Standards Act, 24 V.I.C. § 20 on January 31, 2019. (ECF No. 1.) Defendant filed a Motion to Compel Arbitration on April 17, 2019. (ECF No. 33.) Ultimately, the Court compelled all plaintiffs to arbitration and stayed the case. (ECF No. 55.)

All nine plaintiffs (collectively, "the Claimants") submitted their demands for arbitration with the National Arbitration and Mediation ("NAM") alternative dispute resolution program on January 9, 2020. (*See* Ex. 1, Settlement Agreement at 1.) Defendant as the Respondent served its Response forms as to those arbitrations on February 13, 2020, denying the Claimants' claims. (*See id.*)

The Parties engaged in productive settlement discussions, and desired to resolve the filed arbitrations without a determination of liability, and maintaining Defendant's denial of liability, which resulted in a settlement agreement entered into on July 30, 2020. (*See id.* at 17.)

On August 31, 2020, the NAM Arbitrator, Carol Katz, reviewed the Parties' settlement agreement and, after a hearing and review of the settlement and additional information submitted by Defendant as Respondent, found that the settlement

agreement "represents a fair and reasonable settlement of Claimants' claims." (*See* Ex. 2, Order Approving Settlement.)

The settlement agreement provides a gross settlement amount of $95,000.00 to fully resolve all of Claimants' claims, and provides resolution and finality to all Parties, acknowledging the strengths and weaknesses of the Parties' respective positions. (*See* Ex. 1 Settlement Agreement at 2.)

### III.   ARGUMENT AND AUTHORITIES

**A.   This Court Can and Should Confirm the Award as It Issued the Order Compelling Arbitration.**

Where, as here, the Court has authority under the FAA to stay an action pending arbitration, "the court also has authority to confirm the [arbitration] award [. . .]." *Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 276 (1932). Pursuant to the FAA, confirmation and enforcement of an arbitration award is an integral part of the arbitration process. *See, e.g.*, *Brown v. Brown-Thill*, 762 F.3d 814, 826 (8th Cir. 2014) ("The enforceability of an award is an essential part of arbitration as authorized by the FAA.")

Critically, the Supreme Court has expressly confirmed this holding, finding that "a court with the power to stay the action under [the FAA] has the further power to confirm any ensuing arbitration award." *Cortez Byrd Chips, Inc. v. Bill Harber Constr. Co.*, 529 U.S. 193, 202 (2000). *Accord Broadcom Corp. v. Qualcomm Inc.*, No. SACV 05-468-JVS(MLGx), 2005 WL 5925585, at *1 (C.D. Cal. Sept. 26, 2005) ("In [*Cortez*] the Court held that a court entering a stay order under 9 U.S.C. § 3 [. . .] retains jurisdiction over the proceedings and does not lose venue."); *Smart v. Sunshine Potato Flakes, L.L.C.*, 307 F.3d 684, 685-86 (8th Cir. 2002) ("The district court initially had diversity jurisdiction over this action. After it entered a stay pending arbitration under 9 U.S.C. § 3, the court had the further power to confirm any ensuing arbitration award." (citing *Cortez*, 529 U.S. at 202.)); *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d

698, 705 (2d Cir. 1985) ("This Court has held that a court which orders arbitration retains jurisdiction to determine any subsequent application [. . .] including a motion to confirm the arbitration award.")

This Court has the authority to confirm any arbitration award.

**B. The Court Should Confirm the Arbitration Award Pursuant to Its Limited Power of Review, as the Award Has Not Been Vacated, Modified, or Corrected.**

Under the FAA, federal courts have "only limited authority to review arbitration decisions, because broad judicial review would diminish the benefits of arbitration." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004) (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Under 9 U.S.C. § 9, a party may seek a judicial order confirming and entering an arbitration award. "[T]he court must grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title." *Id.*

Thus, federal judicial review of an award reached in arbitration is significantly limited, and confirmation is required "even in the face of erroneous findings of fact or misinterpretations of law." *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986). "Absent fraud by the parties or the arbitrator's dishonesty, reviewing courts in such cases are not authorized to reconsider the merits of the awards, since this would undermine the federal policy of privately settling labor disputes by arbitration without governmental intervention." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 30 (1987).

Here, there is no reason to deviate from the Arbitrator's considered award. No Party alleges fraud or misconduct, and the Parties are agreed to entry of the contemporaneously filed proposed Order granting the relief requested herein.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the stay be lifted, the arbitration award be confirmed, and that the case be dismissed with prejudice as requested and in the form of the Proposed Order submitted herewith.

Dated: September 10, 2020         Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: /s/ Rex Burch
    Richard J. (Rex) Burch (admitted *PHV*)
    rburch@brucknerburch.com
    James A. Jones
    (admitted pro hac vice)
    jjones@brucknerburch.com
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile

Matthew S. Parmet
(CSB # 296742)
matt@parmet.law
**PARMET PC**
490 S. Fair Oaks Ave.
P.O. Box 540907 (77254)
Pasadena, CA 91105
phone 713 999 5228
fax 713 999 1187

Michael A. Josephson (admitted *PHV*)
mjosephson@mybackwages.com
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300

Todd Slobin (admitted *PHV*)
tslobin@eeoc.net
Ricardo J. Prieto (admitted *PHV*)
rprieto@eeoc.net

**SHELLIST | LAZARZ | SLOBIN LLP**
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

Melinda Arbuckle (SBN 302723)
marbuckle@eeoc.net
**SHELLIST | LAZARZ | SLOBIN LLP**
402 West Broadway, Suite 400
San Diego, California 92101
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

**Attorneys for Plaintiffs/Claimants**